**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **LARRY BROWN,** | : | |
| **Plaintiff,** | : | **Case No. 2:08-cv-572** |
| **v.** | : | **Judge Holschuh** |
| **CHRISTINE ALFORD, et al.,** | : | **Magistrate Judge Abel** |
| **Defendants.** | : | |
| | : | |

## MEMORANDUM OPINION & ORDER

Plaintiff, Larry Brown, filed a complaint in the Franklin County Court of Common Pleas alleging state-law based claims for fraud, breach of contract, and intentional infliction of emotional distress against Defendant Christine Alford, Service Center Director of the United States Department of Veteran Affairs Regional Office, and various other alleged agents of the United States Department of Veterans Administration ("VA"). (Doc. # 3.) The claims arise from the 2006 Sheriff's sale of Plaintiff's house. The case was removed to this Court under 28 U.S.C. § 1442(a)(1) as a civil action against an agency of the United States. (Doc. # 4.) The matter is before this Court on Defendants' motion to dismiss Plaintiff's complaint as barred by the doctrine of res judicata and for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. # 5.) For the following reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction will be **GRANTED**.

## I.    Background and Procedural History

Plaintiff's allegations arise from the Sheriff's sale of his house on September 15, 2006. The foreclosure on and sale of Plaintiff's house apparently occurred because he defaulted on a

VA loan secured by a mortgage on his house. Plaintiff claims that the day before the sale, Defendant Laurito, an attorney for the law firm that handled the sale on behalf of the VA, promised him that she and the VA would help him after the sale to redeem his house. (Compl. ¶¶ 22-29.) After the sale, however, Plaintiff alleges that the VA refused to discuss redemption with him. According to Plaintiff, Laurito's misrepresentations, and those of other alleged agents of the VA, caused him not to bid on the house at the sale. The house sold for $102,000 at the sale. In April 2008, the VA gave Plaintiff thirty days to buy the house back for $155,000, which Plaintiff failed to do.

Plaintiff asserts that Defendants are liable for the torts of fraud and intentional infliction of emotional distress. (Compl. ¶¶ 38, 50.) Plaintiff also asserts a breach of contract claim. (Compl. ¶ 43.) He claims to have lost between $50,000 and $100,000 in equity that he had in his house. Plaintiff also claims to have suffered serious physical and emotional injury as a result of the sale. He seeks compensatory and punitive damages from Defendants in excess of $100,000.

Plaintiff asserted identical tort claims against Defendants Laurito and the VA in <u>Brown v. Laurito, et al.</u>, Case No. 2:07-cv-264, S.D. Ohio (Doc. # 21), before Judge Watson. In that case, the court granted Defendants' motion to dismiss for lack of subject matter jurisdiction. The court found that it lacked subject matter jurisdiction over Plaintiff's claims because he failed to exhaust his administrative remedies prior to filing suit as required by the Federal Tort Claims Act ("FTCA"). According to the court, Plaintiff failed to provide any evidence of a formal written complaint to the VA. Even assuming that he presented an administrative claim to the VA as required, the court posited, Plaintiff still failed to give the agency six months to respond before filing suit as required for exhaustion. Therefore, the court dismissed the case for lack of

subject matter jurisdiction.

In this case, Plaintiff claims to have rectified the deficiencies that led to the dismissal of his first case. His Memorandum Contra Defendants' Motion to Dismiss contains three exhibits—evidence, Plaintiff alleges, that he has exhausted administrative remedies to bring the case within this Court's subject matter jurisdiction. (Doc. # 8.)

Originally filed in the Franklin County Court of Common Pleas, Defendants removed this case under 28 U.S.C. § 1442(a)(1).[1] (Doc. # 4.) Plaintiff has not contested Defendants' assertion that Defendants are being sued in either their official capacities or in their capacities as agents of the VA. Defendants' motion to dismiss Plaintiff's complaint as claim precluded and for lack of subject matter jurisdiction under Rule 12(b)(1) is now before this Court.

## II.    Claim Preclusion

Defendants move to dismiss Plaintiff's claims as precluded, under the doctrine of res judicata, by Judge Watson's previous holding in Brown v. Laurito, et al., Case No. 2:07-cv-264, S.D. Ohio (Doc. # 21). Claim preclusion can be raised by motion. Westwood Chemical Co., Inc. v. Kulick, 656 F.2d 1224, 1227 (6th Cir. 1981). Claim preclusion arises where:

---

[1] 28 U.S.C. § 1442(a)(1) provides:

    (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending: (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

1) the prior decision was a final decision on the merits; 2) the present action is between the same parties or their privies as those to the prior action; 3) the claim in a present action should have been litigated in the prior action; and 4) an identity exists between the prior and present actions.

League of Women Voters of OH v. Blackwell, 432 F. Supp.2d 723, 733-34 (N.D. Ohio 2005)

(citing Mitchell v. Chapman, 343 F.3d 811, 819 (6th Cir. 2003)).

Judge Watson, in Brown v. Laurito, dismissed Plaintiff's claims without prejudice under Rule 12(b)(1) for lack of subject matter jurisdiction. "A dismissal under 12(b)(1) allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court." Ohio Nat'l Life Ins. Co. v. U.S., 922 F.2d 320, 325 (6th Cir. 1990).

That is exactly what Plaintiff has attempted to do in this case. By filing a new complaint and providing three letters that allegedly prove exhaustion of his administrative remedies, Plaintiff has repleaded the case in an attempt to bring it within this Court's subject matter jurisdiction. See Ohio Nat'l Life Ins. Co., 922 F.2d at 325. Moreover, Laurito was dismissed without prejudice and clearly was not a final judgment on the merits. See Mitchell, 343 F.3d at 819. Therefore, Plaintiff's claims in this case are not precluded by the decision in Laurito. As the following will show, however, Plaintiff's second attempt to bring his claims within this Court's subject matter jurisdiction is as unavailing as his first.

III.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants move to dismiss Plaintiff's claims for lack of subject matter jurisdiction. Federal courts are not courts of general jurisdiction. They have only the power authorized by Article III of the Constitution and conferred by acts of Congress. Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). Jurisdiction is a prerequisite to a court ruling on the merits of a case. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is

power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1869).

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. Such challenges come in two forms: facial challenges and factual challenges. In a facial challenge, a defendant contends that, even accepting the material allegations of the complaint as true and construing them in a light most favorable to the nonmoving party, the court still lacks subject matter jurisdiction over the claim. Singleton v. United States, 277 F.3d 864, 870 n.4 (6th Cir. 2002) (citing Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 325 (6th Cir. 1990)).

In contrast, a factual attack is "not a challenge to the sufficiency of the pleading's allegation, but a challenge to the factual existence of subject matter jurisdiction." United States v. Ritchie, 15 F.3d 592, 598 (6th Cir. 1994). If the moving party makes a factual attack, when determining whether subject matter jurisdiction exists the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Cameron v. Children's Hosp. Med. Ctr., 131 F.3d 1167, 1170 (6th Cir. 1997) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)). "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. In either case, the burden is on the party asserting jurisdiction to demonstrate that subject matter jurisdiction exists. See Moir v. Greater Cleveland Reg'l Transit Auth., 895 F.2d 266, 269 (6th Cir. 1990).

**A.      Plaintiff's Tort Claims**

Plaintiff alleges that Defendants are liable for fraud and intentional infliction of emotional distress.  Judge Watson's decision in <u>Laurito</u> provides a succinct discussion of the law applicable to Defendants' motion to dismiss for lack of subject matter jurisdiction over Plaintiff's tort claims.  The FTCA provides a limited waiver of sovereign immunity applicable to the United States and its employees by granting federal subject matter jurisdiction and authorizing private parties to sue the United States and it employees for money damages.  <u>See</u> Federal Torts Claim Act of 1946, 28 U.S.C. § 1346 (1997); <u>see also</u> <u>Rich v. U.S.</u>, 119 F.3d 447, 449-50 (6th Cir. 1997).  A claimant may sue for certain tortious acts including "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b)(1) (1997).  The waiver of sovereign immunity "is to be strictly construed, in terms of its scope, in favor of the sovereign."  <u>Dep't of the Army v. Blue Fox, Inc.</u>, 525 U.S. 255, 261 (1999) (citing <u>Lane v. Peña</u>, 518 U.S. 187, 192 (1996)).  The waiver must be "unequivocally expressed" in the statutory text and will not be implied by anything that does not clearly appear in the language of the statute, including legislative history.  <u>Peña</u>, 518 U.S. at 192.

As part of this statutory waiver of sovereign immunity, "complete exhaustion" of administrative remedies is required before any tort claim can be asserted in a federal court.  <u>See</u> 28 U.S.C. § 2675(a) (1996); <u>McNeil v. U.S.</u>, 508 U.S. 106, 113 (1993); <u>Blakely v. U.S.</u>, 276 F.3d 853, 864 (6th Cir. 2002) (failure to exhaust administrative remedies deprived the district court of jurisdiction to entertain the plaintiffs' claims).  An FTCA claim shall not be commenced:

unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The Sixth Circuit does not recognize any equitable exceptions to the "jurisdictional prerequisites" of the FTCA. Rogers v. U.S., 675 F.2d 123, 124 (6th Cir. 1982) (holding that "neither plaintiff's lack of knowledge regarding [the defendant's] federal employment nor . . . removal of the case from state court to district court eliminates the jurisdictional requirement that a timely administrative claim be filed") (citing Meeker v. U.S., 435 F.2d 1219, 1220 (8th Cir. 1970)); see Singleton, 277 F.3d at 873 (affirming the dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) and concluding that, among other claims, the district court did not have jurisdiction over plaintiff's intentional infliction of emotional distress claim due to plaintiff's failure to exhaust administrative remedies). Filing an action against a federal employee in his or her individual capacity neither satisfies nor substitutes for the requirement of exhausting administrative remedies. See Meeker, 435 F.2d at 1220.

Time limits apply to the requirement that administrative remedies be exhausted. Any administrative claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues" and the plaintiff must commence an action "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b) (1996). Failure of the agency to respond to an administrative claim within six months constitutes denial of the claim, giving the plaintiff leave to sue in federal court. In order for a claim to be deemed "presented" under 28 U.S.C. § 2675(a), the claim must: (1) be sent from the claimant to a federal agency; (2) include a

written notification of an incident; and (3) be accompanied by a claim for money damages in a sum certain. 28 C.F.R. § 14.2(a).[2] The presentment of an administrative claim prerequisite is designed "to give government agencies an initial opportunity to resolve claims." Ellison v. U.S., 531 F.3d 359, 361 (6th Cir. 2008). A claimant may also be required to supplement his or her complaint with evidence described in 28 C.F.R. § 14.4.

Defendants argue in their motion to dismiss that Plaintiff failed to exhaust his administrative remedies. Plaintiff responds that the three exhibits attached to his response to Defendants' motion to dismiss prove that he has exhausted his administrative remedies. (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss Exs. A, B, C.) Exhibits A and B are letters Plaintiff allegedly sent to the VA or its agents. Each letter will be evaluated to determine whether Plaintiff successfully presented an administrative claim to the VA as required before filing suit. Plaintiff asserts that the VA ultimately denied his administrative claim when it responded to his second letter with Exhibit C, a "Settlement and Release Agreement." Exhibit C will be evaluated to determine whether or not it constitutes the denial necessary for exhaustion of administrative remedies.

---

[2] 28 C.F.R. §14.2(a) provides:

For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

### 1. Plaintiff's First Letter

Plaintiff alleges that he sent Exhibit A, a letter entitled "Formal complaint to (acting) director Ruth Fanning, Veteran's Affairs" on May 7, 2007. (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss Ex. A.) Since Ms. Fanning failed to respond to his complaint within six months, Plaintiff asserts, his claim was effectively denied, leaving him free to sue the VA and its agents in May 2008. Despite Plaintiff's contentions, however, the letter does not present an administrative claim. In fact, the letter fails all three of the presentment requirements in 28 C.F.R. § 14.2(a).

First, from the face of the letter, it cannot be determined that it was in fact presented to the VA or even to Ruth Fanning. See 28 C.F.R. § 14.2(a). The letter is not addressed to anybody, and Plaintiff provides no evidence that it was delivered to Ms. Fanning or the VA.

Second, even if the letter was presented to Ms. Fanning, it could not sufficiently notify the VA of an incident to which it could respond. See id. The letter touches on the circumstances surrounding the sale of Plaintiff's home and concludes that the sale was illegal; however, it fails completely to explain why the sale was illegal or what action the VA could take to resolve his complaint. Plaintiff was required to give the VA or its agents, through his writing, "an initial opportunity to resolve his claim." Ellison 531 F.3d at 361. Plaintiff's letter, in that it fails to coherently outline a claim against the VA, could not possibly have given the VA an initial opportunity to resolve the matter. See id.

Finally, even if Plaintiff's letter satisfies the above two requirements, it does not contain a demand for money damages in a sum certain for his alleged loss. See 28 C.F.R. § 14.2(a). As noted above, the letter says nothing about what the VA or its agents could do to resolve his

complaint.  Therefore, the May 7, 2007 letter was not presented to the VA as required under 28

C.F.R. § 14.2(a).  Since Plaintiff, through his first letter, failed to present an administrative claim

to the VA, that letter, and the VA's corresponding failure to respond, did not constitute

exhaustion by the Plaintiff of his administrative remedies as required by the FTCA.  That leaves

the second letter, and the VA's alleged response, as Plaintiff's only hope at this time of bringing

his tort claims within this Court's subject matter jurisdiction.

### 2. Plaintiff's Second Letter

Plaintiff alleges that he sent Exhibit B, a letter entitled "Formal Written Complaint," to

representatives of the VA first on February 25, 2008, by U.S. mail, and again on March 19,

2008, by certified mail.  (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss Ex. B.)  The VA denied

his claim, Plaintiff alleges, by responding to his letter with Exhibit C, entitled "Settlement and

Release Agreement."  (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss Ex. C.)  Since the VA

denied his claim, Plaintiff argues, he exhausted his administrative remedies, and was free to sue

the VA in May 2008.

Plaintiff's argument that he presented an administrative claim to the VA is much stronger

with respect to his second letter.  Like the first letter, it cannot be determined from the face of

Exhibit B that it was in fact presented to the VA.  See 28 C.F.R. § 14.2(a).  The letter is not

addressed to anybody and Plaintiff fails to provide proof of receipt of the letter by the VA even

though it was allegedly sent by certified mail.  Given the VA's alleged response to the letter with

the "Settlement and Release Agreement" in Exhibit C, however, it can safely be assumed that the

VA received Plaintiff's second letter.  Moreover, the letter does at least notify the VA of an

incident—the sale of Plaintiff's home and the alleged interference with Plaintiff's right to

redeem in violation of Ohio law—to which the VA could have responded.  See 28 C.F.R. §
14.2(a).  And the letter demands money damages for Plaintiff's alleged loss.  See id.  But even if
this Court assumes that Plaintiff, through his second letter, presented an administrative claim to
the VA, as will be explained below, Plaintiff still falls short of showing that he exhausted
administrative remedies.

### 3.      The VA's Alleged Response to Plaintiff's Second Letter

Plaintiff argues that the VA denied his administrative claim at the end of April 2008
when it responded to his second letter with Exhibit C, entitled "Settlement and Release
Agreement."  (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss Ex. C.)  This denial, Plaintiff
claims, constituted complete exhaustion of his administrative remedies, and triggered this
Court's subject matter jurisdiction over his claims.  Denial of an administrative claim is required
for exhaustion of administrative remedies.  An administrative claim is denied either when the
federal agency expressly denies it with a written final denial notice or when the agency fails to
resolve the claim within six months of the date the claim was mailed.  See 28 U.S.C. § 2675(a).

Plaintiff fails to show that his administrative claim was denied by the VA.  First, Exhibit
C is not a final denial notice of Plaintiff's administrative claim.  See id.  Exhibit C does not
mention, let alone deny, the claims asserted in Plaintiff's second letter.  Plaintiff fails to show
that Exhibit C was sent by certified or registered mail from the VA to Plaintiff.  See id.  And the
title and content of the document clearly show that Exhibit C is a settlement and release
agreement, not a final notice from the VA denying Plaintiff's claims.  Plaintiff provides no other
evidence that the VA denied his claims in writing.  Therefore, the VA did not expressly deny
Plaintiff's administrative claim by written notice.  See id.

Second, six months did not elapse without action on Plaintiff's claim by the VA before he sued. See id. According to Plaintiff, he sent the second letter to the VA on February 25, 2008. (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss Ex. B.) He filed this suit in state court on May 23, 2008. Therefore, Plaintiff sued the VA only three months after mailing his second letter. The Supreme Court has held that the exhaustion process must occur prior to the time that a court action has been filed, and cannot occur during the pendency of the case. See McNeil v. U.S., 508 U.S. 106, 113 (1980). Consequently, while six months have passed since Plaintiff submitted his second letter to the VA, this Court cannot consider it as proper exhaustion. See id.; Brown v. Laurito, et al., Case No. 2:07-cv-264, S.D. Ohio (Doc. # 21). Plaintiff's administrative claim, therefore, if indeed his claim was properly presented in his second letter, was never denied by the VA. Because Plaintiff's administrative claim was never denied by the VA, Plaintiff failed to completely exhaust his administrative remedies as required by the FTCA. See 28 U.S.C.

§ 2675(a).

Taking all three of his exhibits into account, this Court finds that Plaintiff failed to exhaust his administrative remedies before suing the VA and its agents as required under the FTCA. Absent exhaustion, this Court lacks subject matter jurisdiction over Plaintiff's tort claims. See 28 U.S.C. § 2675(a); Blakely, 276 F.3d at 864. Mindful that the Sixth Circuit does not recognize any equitable exceptions to the "jurisdictional prerequisites" of the FTCA, this Court must dismiss Plaintiff's tort claims for lack of subject matter jurisdiction. See Rogers v. U.S., 675 F.2d at 124.

**B.    Plaintiff's Breach of Contract Claim**

Plaintiff alleges that Defendants are liable for breach of contract.  The Contract Disputes Act ("CDA"), like the FTCA in the torts context, operates as a limited waiver of sovereign immunity applicable to the United States and its employees by granting federal subject matter jurisdiction and authorizing private parties to sue the United States for breach of contract. Contract Disputes Act of 1978, 41 U.S.C. § 605 (1978).  As part of this statutory waiver of sovereign immunity, complete exhaustion of administrative remedies is required before any breach of contract claim can be asserted in a federal court.  Id. at § 605(a); Diversified Energy, Inc. v. Tennessee Valley Authority, 339 F.3d 437, 444 (6th Cir. 2003) (finding that failure to exhaust administrative remedies under the CDA precludes "the district court from entertaining an appeal of the contractor's claims.").  When a contractor seeks more than $100,000 in damages, the contractor must present a valid, certified contract "claim" to a Contracting Officer. 41 U.S.C. § 605(c)(1).  "This condition serves to ensure that the Contracting Officer is given enough information to evaluate the claim fairly so that a final decision may be reached." Diversified Energy, Inc., 339 F.3d at 444.

For the same reason this Court lacks subject matter jurisdiction over Plaintiff's tort claims, it lacks subject matter jurisdiction over his breach of contract claim.  Plaintiff did not exhaust administrative remedies as required by the CDA before suing the VA for breach of contract.  As best the Court can tell from the complaint, Plaintiff's breach of contract claim arises from an alleged oral agreement with the VA, through Defendant Laurito, that Plaintiff would be able to redeem his property after the sheriff's sale.  Neither of Plaintiff's letters to the VA, however, refers to this alleged agreement, let alone explains how it created an enforceable

contract between Plaintiff and the VA. (Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss Exs. A & B.) The exhaustion requirement is designed to give the administrative agency the first opportunity to evaluate the claim. See Diversified Energy, Inc., 339 F.3d at 444. Plaintiff's letters, in that they fail to even identify an agreement between Plaintiff and the VA, could not possibly have given the VA the first opportunity to evaluate his breach of contract claim.

Finally, while Plaintiff's complaint seeks "at least $100,000" in damages from the VA and its agents for the alleged breach of contract, Plaintiff did not, prior to suing, present the VA with a valid, certified contract claim as required by the CDA. See 41 U.S.C. § 605(c)(1). Therefore, Plaintiff failed to exhaust his administrative remedies as required under the CDA before suing the VA and its agents. If Plaintiff does have a breach of contract claim against the VA or any of its agents—and from the complaint it is not clear that a contract ever even existed between the parties—this Court does not have subject matter jurisdiction over it.

## IV.   Conclusion

The Court understands Plaintiff's frustration, as a pro se litigant, with the exhaustion requirement. The Court also recognizes its obligation to liberally construe Plaintiff's pro se complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Ashiegbu v. Purviance, 74 F. Supp.2d 740, 746 (S.D. Ohio 1998). But the Supreme Court has found that given the clarity of the statutory text, the exhaustion requirement is not a trap for the unwary. McNeil, 508 U.S. at 113. According to the Supreme Court:

> it is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, but the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent. Our rules of procedure are based on the assumption that litigation is normally conducted by lawyers.

Id.  While Plaintiff's pro se complaint must be liberally construed, the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."  Id.  This Court agrees with the Supreme Court that "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."  Id.

The burden is on Plaintiff to demonstrate that this Court has subject matter jurisdiction over his claims.  See Moir, 895 F.2d at 269.  Plaintiff has not met this burden.  His failure to exhaust administrative remedies as required by the FTCA and the CDA removes the case from this Court's subject matter jurisdiction, leaving the Court powerless to decide his claims.  See 28 U.S.C. § 2675(a); McNeil, 508 U.S. at 113; Blakely, 276 F.3d at 864.  Moreover, this "fatal procedural error" cannot be excused by Plaintiff's being unrepresented when he filed his complaint.  See McNeil, 508 U.S. at 113.  Therefore, Defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.[3]  Since the Court lacks subject matter jurisdiction in this case, it need not address Defendants' intra-court comity argument.  (Defs.' Reply to Pl.'s Opp'n 9.)  This action is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Date: November 4, 2008                          **/s/ John D. Holschuh**
                                                John D. Holschuh, Judge
                                                United States District Court

_____

[3] Plaintiff filed a Motion for Stay in this case on May 29, 2008 in the Franklin County Court of Common Pleas, before the case was removed to this Court.  (Doc. # 11.)  He seeks an order staying any action by the VA in taking possession of his home.  Without subject matter jurisdiction over this case, however, this Court is powerless to rule on Plaintiff's motion. Therefore, Plaintiff's Motion for Stay is **DENIED**.